UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CLYDE PORTER** <br>     **LA. DOC #499837** <br> **VS.** | **CIVIL ACTION NO. 09-0407** <br><br> **SECTION P** <br><br> **CHIEF JUDGE JAMES** |
| **WARDEN TIM WILKINSON** | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Clyde Porter, proceeding in forma pauperis, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 10, 2009. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana. Petitioner attacks his 2005 conviction for attempted manslaughter in Louisiana's Fourth Judicial District Court, Morehouse Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On February 7, 2002, petitioner was indicted by the Morehouse Parish Grand Jury and charged with attempted murder. [rec. doc. 1-3, p. 68] On August 8, 2005, petitioner pled guilty to a reduced charge of attempted manslaughter pursuant to a plea agreement that capped the potential sentence to be imposed at 12 years. [rec. doc. 1-3, p. 49 (minutes); rec. doc. 1-3, pp. 1-17 (plea transcript)]. On October 31, 2005, petitioner was sentenced in accordance with the plea

agreement to serve 12 years at hard labor. [rec. doc. 1-3, p. 49 (minutes); rec. doc. 1-3, pp. 19-41 (sentencing transcript)]. Petitioner did not appeal his conviction and sentence.[1] [rec. doc. 1, ¶6(a)]

On July 24, 2007, petitioner filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court. [rec. doc. 1, ¶7(B)(iii); rec. doc. 1-3, pp. 50-62] Petitioner argued a single claim for relief – ineffective assistance of counsel based on counsel's failure to investigate or prepare a defense based on petitioner's lack of capacity to understand the nature of the proceedings. [*Id.*] The District Court denied relief in a judgment dated September 19, 2006, but filed in the Court record on October 3, 2007.[2]

On March 5, 2008, petitioner sought review by filing a writ application in the Second Circuit Court of Appeals. [rec. doc. 1-3, pp. 71-87] On March 20, 2008, the Second Circuit denied writs and mailed notice of judgment to the petitioner. *State of Louisiana v. Clyde Porter*, 43487-KH (La. App. 2 Cir. 3/5/2008) [rec. doc. 1-3, pp. 88-89]

On some unspecified date petitioner filed a writ application in the Louisiana Supreme Court. [rec. doc. 1-3, pp. 90-107] On February 6, 2009, his writ application was denied. *State of Louisiana ex rel. Clyde Porter v. State of Louisiana*, 2008-0997 (La. 2/6/2009), 999 So.2d 773. [see also rec. doc. 1-3, p. 108]

---

[1] The petitioner, of course, waived his right to appeal by pleading guilty. Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See *State v. Crosby*, 338 So.2d 584 (La.1976). Further, La. C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As shown by the exhibits, petitioner was sentenced in accordance with a plea agreement which is set forth in the record.

[2] The date that appears on the judgment is obviously incorrect. The order denies an application for post-conviction relief "... filed on or about July 30, 2007." Clearly, the judgment must have been signed in September 2007 and not September 2006.

Petitioner signed his federal habeas petition on March 9, 2009, and mailed it on the same date. [rec. doc. 1, pp. 6-7] It was received and filed herein on March 10, 2009. This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted

---

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following October 31, 2005 (the date that petitioner was sentenced)[4] or, on or about December 1, 2005. Under § 2244(d)(1) he had one year, or until about December 1, 2006, to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first collateral attack in the state courts until July 24, 2007, and by that time, the limitations period had already long expired. Neither that filing, nor any of his subsequent filings in the Second Circuit Court of Appeals or the Louisiana Supreme Court could toll the limitations period since these proceedings were filed <u>after</u> the AEDPA limitations period had already expired, and, as stated above, any lapse of time <u>before</u> the filing of his otherwise timely application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Since a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his *habeas* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

---

[4] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

*2. Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year

limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 15, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE